Filed 7/1/26  P. v. Eddington CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LEONARD E. EDDINGTON,<br><br>     Defendant and Appellant. | D086724<br><br>(Super. Ct. No. CR130216) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed in part, dismissed in part.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Leonard E. Eddington appeals the trial court's order denying his petition for resentencing under Penal Code[1] section 1170.91, subdivision (b). He also appeals the trial court's refusal to take action on his resentencing request under section 1172.1.  His appointed appellate counsel filed a brief in

---

[1]    All further statutory references are to the Penal Code.

which he raised no claims of error and invited us to review the record independently for error. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Eddington accepted the opportunity to file his own brief, which we address below. We affirm the trial court's order denying his resentencing petition and dismiss his appeal of the trial court's refusal to act on his resentencing request.

BACKGROUND[2]

In October 1992, a jury found Eddington guilty of murder in violation of section 187, subdivision (a), with a special circumstances finding that he committed the murder for financial gain within the meaning of section 190.2, subdivision (a)(1). The jury also found that, in committing the murder, he personally used a deadly weapon within the meaning of section 12022, subdivision (b). The trial court sentenced him to serve life in prison without the possibility of parole, plus one year.

In May 2025, Eddington filed a petition requesting recall of his sentence and resentencing pursuant to Assembly Bill No. 600 and section 1172.1. He filed the same section 1172.1 resentencing request again later that month.

In June 2025, Eddington filed a petition for resentencing "based on health conditions due to military service time listed in Penal Code Section 1170.91(b)." (Capitalization omitted.)

Later that month, the trial court denied Eddington's section 1170.91, subdivision (b) resentencing petition, finding that he was statutorily ineligible for resentencing under section 1170.91 "in light of the nature of his

---

[2] The facts of the underlying offense are not relevant to any potential issues on this appeal. Accordingly, we will omit the traditional statement of facts.

conviction."  The court also issued a written notice to Eddington that stated: "The court is in receipt of and has reviewed your request for recall and resentencing pursuant to Penal Code section 1172.1. This is to notify you that the court will not take any action on your request."

In July 2025, Eddington filed a timely notice of appeal.  In December 2025, Eddington filed a petition for writ of habeas corpus seeking resentencing relief under sections 1172.1 and 1170.91.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1) Whether the trial court erred by denying Eddington's section 1170.91, subdivision (b) resentencing petition; and

2) Whether the trial court erred by refusing to take any action on Eddington's section 1172.1 resentencing request.

Neither issue identified by counsel has arguable merit.  As to the first, and as set out in our order denying Eddington's writ petition,[3] a current or former member of the military who has been convicted of a felony may petition for resentencing alleging they suffer from a mental health condition related to their military service, and that condition "was not considered as a factor in mitigation at the time of sentencing."  (§ 1170.91, subd. (b).)  However, certain violent felony convictions, often called "super strikes,"

---

[3]    We take judicial notice of the order denying Eddington's habeas petition in case No. D087325.  (See Evid. Code, §§ 452, subd. (d), 459.)

3

render a defendant ineligible for relief.  (§ 1170.91, subd. (c).)  Murder is included as a super strike.  (§ 667, subdivision (e)(2)(C)(iv); *People. v. Jefferson* (2016) 1 Cal.App.5th 235, 242.)  Because Eddington was convicted of murder, he is categorically ineligible for relief under section 1170.91.

Regarding the second issue, the trial court's refusal to take any action on Eddington's section 1172.1 resentencing request is not appealable.  (*People v. Brinson* (2025) 112 Cal.App.5th 1040 ["a trial court's decision not to act on a defendant's section 1172.1 request for recall and resentencing does not affect his or her substantial rights and is therefore not appealable under section 1237, subdivision (b)."]; *People v. Hodge* (2024) 107 Cal.App.5th 985, 999 ["a trial court's order declining a defendant's request for recall and resentencing is not appealable"].)

Eddington raises these same two issues in his supplemental brief.  He also argues there is a "statutory conflict between sections 1171 and 1172.1" that "would allow self-initiation if filed pursuant to section 1171."  We disagree.  "[A] defendant who requests recall and resentencing under section 1172.1—even after section 1171 became effective—does not have a substantial right at stake, and the trial court's decision on that request is not appealable."  (*Brinson, supra,* 112 Cal.App.5th at p. 1049.)

Eddington also relies on *People v. Frederickson* (2025) 116 Cal.App.5th 910, but that case is inapposite as it involved harmonization of section 1172.1 with a statute that is not at issue here.  (*Id*. at p. 915 [rejecting "the district attorney's claim that section 1172.1 . . . effectuates an improper amendment of section 1385.1"].)  On the record before us, the claims Eddington makes in his supplemental brief do not raise any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Eddington on this appeal.

DISPOSITION

The trial court's June 2025 order denying Eddington's section 1170.91, subdivision (b) resentencing petition is affirmed. Eddington's appeal of the trial court's refusal to act on his resentencing request under section 1172.1 is dismissed.

KELETY, J.

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.

5